# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 3:19-cr-33 |
| v. | : Judge Thomas M. Rose |
| VINCENT M. WARD, | : |
| Defendant. | : |

---

### ENTRY AND ORDER DENYING, WITHOUT PREJUDICE, DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (DOC. 47)

---

This case is before the Court on Defendant's Motion for Compassionate Release (Doc. 47) (the "Motion"), filed by Vincent M. Ward ("Ward").  Ward is currently incarcerated at Lexington FMC [Federal Medical Center].  In the Motion, Ward asks to be released from prison because he fears exposure to the COVID-19 virus (which he asserts he contracted once before).  In accordance with S.D. Ohio Amended General Order 20-21, the Court appointed counsel for Ward for purposes of the Motion.  Ward's counsel filed a Notice indicating that he would not be filing a supplement to the Motion.  (Doc. 51.)  The United States of America (the "Government") filed a Response to the Motion, opposing it on multiple grounds, including that Ward has not fulfilled the exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A).  (Doc. 51.)

The Court must deny the Motion.  Section 3582(c)(1)(A) expressly provides that the Court "may not modify a term of imprisonment" upon a motion brought by a defendant until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…."  18 U.S.C. §

1

3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) (if "the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf," but "[t]o do that, he must 'fully exhaust[] all administrative rights to appeal' with the prison or wait 30 days after his first request to the prison") (quoting 18 U.S.C. § 3582(c)(1)(A)) (alterations in original).[1]

The exhaustion requirement in Section 3582(c)(1)(A) is not a jurisdiction rule; it is a mandatory claim-processing rule. *Alam*, 960 F.3d at 833-34. A defendant will be unable to "show that exceptions to mandatory claim-processing rules—waiver or forfeiture—apply" if the Government timely objects to the defendant's failure to exhaust. *Id.* at 834. As the Sixth Circuit explained, "[w]hen properly invoked, mandatory claims-processing rules [like the exhaustion requirement in Section 3582(c)(1)(A)] must be enforced," and they are not subject to judge-made exceptions. *Id.* (internal quotation marks omitted); *Ross v. Blake*, 136 S. Ct. 1850, 1856-57, 195 L. Ed. 2d 117 (2016) (a court may not excuse exhaustion requirements mandated by statute because "mandatory exhaustion statutes … establish mandatory exhaustion regimes, foreclosing judicial discretion"). The statute's "exhaustion requirement serves valuable purposes … and because it is mandatory" courts must enforce it.[2] *Alam*, 960 F.3d at 832.

Here, Ward neither claims nor offers evidence that he fulfilled 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement. (*See* Docs 47, 51.) And, the Government timely objected to Ward's failure to exhaust. (Doc. 52 at PAGEID # 217.) Given the lack of any indication that Ward has satisfied the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A), and the Government's timely

---

[1] *See also Alam*, 960 F.3d at 836 ("inmates can identify the ongoing public health crisis in their initial petition to their wardens. If that doesn't work, prisoners can pursue administrative review. If that also comes up short (or if 30 days pass), prisoners have the option to go to federal court").

[2] The Sixth Circuit further explained: "Preventing prisoners from charging straight to federal court serves important purposes. It ensures that the prison administrators can prioritize the most urgent claims. And it ensures that they can investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Alam*, 960 F.3d at 835.

3

objection on that basis, the Court cannot grant the Motion.  Therefore, the Court **DENIES** Ward's Motion (Doc. 47) without prejudice to filing a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) after satisfying the statute's exhaustion requirement.

    **DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, March 30, 2021.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
